UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| XAVIER CHISM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-5835 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Xavier Chism, a Chicago police officer, brings the present first amended complaint against defendants City of Chicago and Chicago police officers Jason E. Brown and Michael E. Nunez alleging a First Amendment retaliation claim (Count I), a Federal Drivers Privacy Protection Act claim (Count II), and an Illinois Whistleblower Act claim (Count III). Before the Court is defendants' motion to dismiss Chism's First Amendment retaliation claim as alleged in Count I under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants defendants' motion.

**Background**

In his first amended complaint, Chism alleges Officer Nunez improperly used a law enforcement database, Accurint Law Enforcement, to conduct an investigation into Chism's personal life and that Officer Brown tried to cover-up this improper use of Accurint. To that end, Officer Brown asked Chism to write an email with a false explanation of what Officers Nunez and Brown had done. Chism refused to write the email, but instead reported Officers Nunez's and Brown's misuse of Accurint to the Chicago Police Department's ("CPD") Bureau of Internal Affairs. Chism also reported this misconduct to his commanding officer.

After reporting the officers' misconduct, Chism alleges Officer Brown retaliated against him by passing him over for a coveted work assignment. He also alleges Officer Brown has damaged his career prospects and reputation by disparaging him to others in the CPD in violation of the Illinois Whistleblower Act. Chism maintains that by reporting Officers Nunez's and Brown's misconduct, he has broken the code of silence in the CPD. He alleges the CPD's code of silence allows for officers to cover-up police misconduct, and that the code of silence shows the motive and rationale behind Officer Brown's retaliation against him.

Chism brings his First Amendment retaliation claim solely against Officer Brown. He specifically alleges Officer Brown, who was Chism's supervisor, passed him over for an assignment with the Federal Bureau of Alcohol, Tobacco, and Firearms ("ATF") task force, even though Chism's direct supervisor recommended him for the task force. Chism contends he was one of the most qualified and capable CPD officers available and willing to serve on this task force. Further, Chism alleges after he filed this lawsuit on November 1, 2021, Officer Brown and other CPD officers began to interfere with his work. Then, on February 16, 2022, Officer Brown transferred Chism to the night shift and told Chism that the change was based on his poor performance.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

In examining whether a public employee's speech is protected under the First Amendment, courts must first look to whether the employee spoke as a citizen on a matter of public concern, rather than a private or personal concern. *Harnishfeger v. United States*, 943 F.3d 1105, 1113 (7th Cir. 2019). "If the answer is no, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." *Olendzki v. Rossi*, 765 F.3d 742, 746 (7th Cir. 2014). "The Supreme Court has defined 'public concern to mean 'legitimate news interest,' or 'a subject of general interest and of value and concern to the public at the time of publication.'" *Meade v. Moraine Valley Cmty., Coll.*, 770 F.3d 680, 684 (7th Cir. 2014) (citation omitted). Courts consider the content, form, and context of the public employee's speech when determining if it constitutes a matter of public concern. *Kubiak v. City of Chicago*, 810 F.3d 476, 483 (7th Cir. 2016). "Of these three considerations, content is the most important." *Meade*, 770 F.3d at 684. The Court further recognizes that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." *Garcetti v. Ceballos*, 547 U.S. 410, 416, 421, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). The "determination of whether speech is constitutionally protected is a question of law." *Kubiak*, 810 F.3d at 481.

In response to defendants' motion, Chism focuses on the alleged police misconduct to support his argument that his speech was a matter of public concern. He first asserts his case demonstrates a public concern because defendant officers misused the law enforcement database for reasons unrelated to its intended purpose. Looking to the content, context, and form of his speech, Chism has failed to allege sufficient facts that he spoke as a citizen on a matter of public concern. More specifically, Chism reported Officers Nunez's and Brown's misuse of Accurint to the CPD's

3

Bureau of Internal Affairs and his commanding officer. The officers' misconduct involved accessing Chism's personal information, and thus Chism's internal complaint was focused on defendants' misconduct toward him personally. *See Kubiak*, 810 F.3d at 483. Indeed, the facts in *Kubiak* are similar to the situation here, namely, a police officer reported a fellow officer's misconduct to Internal Affairs about her own work safety and not a matter of public concern. *Id.* at 483-84. Also, as the *Kubiak* decision explained, the broad subject matter of "police misconduct" is not determinative, rather courts must focus on the content of the speech at issue. *Id.* at 483.

Likewise, Chism argues his speech is a matter of public concern because this case provides a vivid example of how the code of silence works within the CPD. The Seventh Circuit, however, has held that the code of silence "might be foolish" but "it does not offend the first amendment" and that what one officer says about another officer "through the grievance system is part of the job." *Fairley v. Andrews*, 578 F.3d 518, 523 (7th Cir. 2009). Simply put, a "police officer's duty to report official police misconduct is a basic part of the job." *Roake v. Forest Preserve Dist. of Cook Cnty.*, 849 F.3d 342, 346 (7th Cir. 2017). In sum, Chism was speaking as an employee, not a citizen, when he reported Officers Brown's and Nunez's misconduct to Internal Affairs and his commander.

Turning to whether Chism's filing of his lawsuit is protected by the First Amendment, again, his lawsuit is purely individual in focus, even though he alleges the CPD maintains a "code of silence." Following the *Kubiak* decision's guidance, the Court must look beyond the broad subject matter of police misconduct, including the code of silence, and focus on the content of Chism's speech. In his first amended complaint, Chism relies on the same speech as above, namely, defendant officers' misconduct in their misuse of Accurint. And, as discussed, this is not a matter of public concern. *See Houskins v. Sheahan*, 549 F.3d 480, 491 (7th Cir. 2008) (public employee's "internal complaint" about officers' misconduct was "an obvious form of speech made pursuant to official duties under the *Garcetti* standard").

4

On a final note, Chism states that he "is not at this time making a claim under *Monell v. New York* against the City of Chicago." The City, however, remains a defendant under the theory of respondeat superior for Chism's state law claim and indemnification for the remaining federal claim.

**Conclusion**

For these reasons, the Court grants defendants' motion to dismiss plaintiff's First Amendment retaliation claim with prejudice [43].

IT IS SO ORDERED.

Date: 9/22/2022

Entered: SHARON JOHNSON COLEMAN
United States District Judge